**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **CONNIE H. SEBASTIAN,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**ALLSTATE CORPORATION; SURETY LIFE INSURANCE COMPANY,**<br><br>    **Defendants.** | Case No.: 13-cv-4850 YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Now before the Court is a Motion to Dismiss filed by Defendants Allstate Corporation ("Allstate") and Surety Life Insurance Company ("SLIC") (collectively, "Defendants") on the grounds that Plaintiff Connie H. Sebastian ("Plaintiff") has failed to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  (Dkt. No. 8; *see also* Dkt. Nos. 1 ("Complaint"), 21.)

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss with **LEAVE TO AMEND**.[2]

---

[1] The instant motion was filed originally by Defendant Surety Life Insurance Company.  As of the date of filing, Defendant Allstate Corporation had not yet been served.  (*See* Dkt. No. 8 at 1.)  On December 4, 2013, Defendant Allstate Corporation joined in the motion.  After failing to file a timely substantive response, Plaintiff was provided additional time.  (Dkt. No. 23.)  On January 2, 2014, Plaintiff filed her Opposition (Dkt. No. 25), to which Defendants filed a reply on January 9, 2014 (Dkt. No. 26).

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined this motion suitable for resolution without oral argument.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Moreover, mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court views Plaintiff's pleading with the appropriate degree of leniency. However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Pleadings that are no more than conclusions do not state a cause of action adequately. *See Iqbal*, 556 U.S. 679. "A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'" *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1169 (E.D. Cal. 2010) (citing *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997)). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646,

1 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts
2 which defendant engaged in to support the plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint
3 does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "
4 *Iqbal*, 556 U.S. 662 (quoting *Twombly*, 550 U.S. at 557).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

This action represents Plaintiff's third attempt to assert claims concerning the termination of her life insurance policy. In March of 2013, Plaintiff brought this action in San Francisco Superior Court, and Defendant Surety Life Insurance Company's demurrers were twice sustained with leave to amend. (*See* Dkt. No. 8-3 at 9 (July 11, 2013 Order sustaining demurrer), 11-12 (October 8, 2013 Order sustaining demurrer); *see also id*. at 14 (Order granting Defendant SLIC's motion to strike).) After the second order sustaining Defendant's demurrer, Plaintiff filed a notice of voluntary dismissal without prejudice, informing the Superior Court that "[i]n good faith, [Plaintiff] is pursuing a federal question under United States District Court jurisdiction [concerning] violation of Title 15 U.S.C.A. Section 45(a)(1) Federal Trade Commission Act 'prohibiting unfair or deceptive trade practices and regulating consumer protection statutes.'" (Dkt. No. 8-3 at 18 (Plaintiff's Request for Dismissal Without Prejudice, October 11, 2013); *see also id.* at 19 (email from Plaintiff to opposing counsel regarding same).) On October 18, 2013, Plaintiff filed the instant action in this Court.

Plaintiff's complaint is not a model of clarity; the facts analyzed here reflect the Court's application of the Ninth Circuit rule that a complaint written by a *pro se* litigant must be held to less stringent standards than formal pleadings drafted by lawyers. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In 1990, Plaintiff purchased a life insurance policy through Defendant SLIC. (Compl. at 6.) Plaintiff alleges that she made monthly premium payments from 1990 until

3

November 4, 2012. (*Id*. at 6.) In December of 2012, Plaintiff alleges that SLIC provided her a notice of termination and quarterly payment. In response thereto, Plaintiff initiated administrative remedies with SLIC and the California Department of Insurance, which were ultimately unsuccessful. (*Id*. at 6, 11.) As further factual background, Plaintiff includes excerpts of various letters and notices sent to her by SLIC, purportedly to itemize and demonstrate subsequent payments and communications with SLIC regarding the same, and provides limited factual statements tracing the course of her dealings with Defendant SLIC. (*Id*. at 7-11.) Plaintiff offers no explanation for how these facts or document excerpts demonstrate or support a cognizable legal theory upon which she can recover; the facts and excerpts are simply listed seriatim.

The section of Plaintiff's complaint dedicated to her enumerated causes of action similarly fails to include sufficient detail to substantiate any cognizable legal theory. Merely inserting block quotes from various statutes and case law without any connection to factual allegations or Plaintiff's theory of her case is not sufficient. First, a statute itself may not provide a private person with a cause of action. Second, even if it did, facts must be pled which, if true, would entitle a plaintiff to the requested relief. For example, to support her first cause of action for misrepresentation, Dkt. No. 1 at 12, Plaintiff provides the following sentence: "Inaccurate financial transactions without good faith subsequent timely correction." But nowhere has Plaintiff clearly alleged that any communication or transaction between Defendants and herself was inaccurate, or specifically identified an allegedly inaccurate transaction. Nor has Plaintiff alleged facts to suggest that there was a failure of good faith to timely correct any identified inaccuracies, or which of the two Defendants acted in any bad faith. (*Id*.) Instead, following this sentence, Plaintiff appears to have excerpted a whole paragraph of the United States Code, ostensibly to suggest Defendants have committed a violation of federal law, without alleging facts to support this inference. The balance of Plaintiff's complaint continues in this fashion: Plaintiff provides excerpts of either the law or cases interpreting a particular law, including the Federal Trade Commission Act, 15 USC sections 45 and 50, and the Securities Exchange Act of 1934, but provides no factual allegations to make sense of how these laws support her claim for relief or further any articulable legal theory. (*See* Dkt. No. 12-16.)

Even affording Plaintiff the leniency due to *pro se* litigants, Plaintiff's complaint does not comport with the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. A complaint "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Although *pro se* pleadings are construed liberally, even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's bare recitation of quotes from documents, statutes, and case law, unconnected to clear factual allegations, will not do. Plaintiff's complaint is insufficient to provide notice to Defendants even under the liberal *pro se* pleading standards, and thus, must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. However, due to the lack of clarity in Plaintiff's complaint, the Court cannot determine conclusively that the pleading "could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (citations and internal quotation marks omitted). Thus, Plaintiff is provided leave to amend her complaint.

If Plaintiff wishes to file an amended complaint, she must do so as part of a Motion for Leave to Amend, to be heard on the Court's law and motion calendar. A proposed First Amended Complaint ("Proposed FAC") must be submitted with the motion. In the Motion for Leave to Amend, Plaintiff shall provide the following: first, Plaintiff must identify the specific claims she is alleging and the statutory basis for her ability to pursue each claim. Second, Plaintiff must identify the elements of each of her claims. Third, Plaintiff must provide *a chart* that identifies which paragraphs or pages of her Proposed FAC relate to each of the elements for her asserted claims.

Any Motion for Leave to Amend shall be filed no later than **July 11, 2014**. Failure to file said Motion by this date shall be construed as an inability to remedy the deficiencies in Plaintiff's complaint, and the case will be **dismissed with prejudice**.

5

The Court notes that Plaintiff may seek assistance at the Court's Legal Help Center.[3]  The Legal Help Center may assist persons who do not have lawyers if they make an appointment.  The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated:  June 9, 2014

                    **YVONNE GONZALEZ-ROGERS**
                    **UNITED STATES DISTRICT COURT JUDGE**

---

[3] Plaintiff's earlier motion for appointment of counsel made as part of her original opposition to Defendants' Motion to Dismiss (Dkt. No. 18) and stated in her Complaint (Dkt. No. 1) was denied by the Court for reasons provided in its Order of November 25, 2013.  (Dkt. No. 20.)