United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CONNIE H. SEBASTIAN,**<br><br>　　　Plaintiff,<br><br>　v.<br><br>**SURETY LIFE INSURANCE COMPANY,**<br><br>　　　Defendant. | Case No.: 13-CV-4850 YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE** |

### INTRODUCTION

Now before the Court are Plaintiff's Motion for Leave to File a First Amended Complaint, which includes a Proposed First Amended Complaint ("Proposed FAC") (Dkt. No. 30), and Motion for Leave to File a Supplemental Pleading to correct a non-substantive numbering error in the Proposed FAC. (Dkt. No. 31.)

Having given due consideration to the arguments of the parties and Ms. Sebastian's status as a *pro se* litigant, for the reasons set forth below, the Motion for Leave to Amend is **DENIED** without prejudice.

### BACKGROUND

Based on the representations in Ms. Sebastian's moving papers and proposed amended complaint, the Court understands the facts herein to give rise to the instant complaint. In 1990, Ms. Sebastian purchased a $25,000 life insurance policy from Defendant Surety Life Insurance Company

("SLIC"). (Dkt. No. 30-1 at 2.) In March of 2008, Ms. Sebastian received a notice from SLIC informing her that her insurance policy had been terminated for failure to submit a timely payment and detailing what steps she needed to take to reinstate the policy. (*Id.* at 4, 5.) Ms. Sebastian presumably made the required payment, as she received a letter in May 2008 acknowledging receipt of her payment and announcing a premium increase. (*Id.*) In December 2012, Ms. Sebastian received another notice of termination and a notice of quarterly payment. (*Id.* at 5.) She subsequently initiated administrative grievance proceedings with SLIC and the California Department of Insurance. (*Id.*)

Based on the above allegations, Ms. Sebastian has endeavored to plead claims for legal relief. She twice filed complaints in San Francisco Superior Court and in both cases, Defendants' demurrers were sustained with leave to amend; the state court's orders provided brief statements of the deficiencies in Ms. Sebastian's complaints and the basis for granting the demurrers. (*See* Dkt. No. 8-3 at 9, 11-12.) Rather than file a second amended complaint, Ms. Sebastian filed a notice of voluntary dismissal without prejudice, informing the Superior Court that she intended to file in federal court under the Federal Trade Commission Act. (Dkt. No. 8-3 at 18.)

On October 18, 2013, Ms. Sebastian filed a complaint in this Court. (Dkt. No. 1.) In response to Defendants' motion to dismiss, Ms. Sebastian filed an opposition in which she did not address the arguments presented in the motion to dismiss and instead merely re-listed all of her claims. (Dkt. No. 18.) The Court ordered Ms. Sebastian to show cause why that motion should not be granted as unopposed, providing her therein with an opportunity to respond substantively to Defendant's arguments. (Dkt. No. 23.) After reviewing Ms. Sebastian's response and Defendant's reply, and giving due consideration to Ms. Sebastian's *pro se* status, this Court granted Defendant's motion and dismissed the complaint with leave to amend. (Dkt. No. 29.)

In its Order, the Court gave Ms. Sebastian specific instructions setting forth how she was to proceed if she wished to amend her complaint. This Court advised Ms. Sebastian that if she wished to file an amended complaint she must do so as part of a Motion for Leave to Amend, attaching a Proposed First Amended Complaint. The Court also directed Ms. Sebastian to provide specific information about her claims, and the facts supporting each of her claims, in her Motion.

2

**DISCUSSION**

Under the Federal Rules of Civil Procedure, courts are to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is liberal. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). *Pro se* plaintiffs should be granted leave to amend unless it is clear that defects in the pleading cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, the Court weighs the following factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The facts set forth in the Motion for Leave to Amend and the Proposed FAC do not state the basis for Ms. Sebastian's claims with the degree of specificity such that the Court may assess whether she has satisfied above standard. Rather than set forth the law and facts in support of her claims, as the Court required of her in its first Order, Ms. Sebastian merely repeats her claims and excerpts sections of law without clear reference to factual allegations. Ms. Sebastian appears to be an elderly, long-time insured, whose life insurance policy recently terminated, but how or why that termination occurred is not apparent on the face of the Proposed FAC. For example, it is unclear what factual basis exists for her breach of contract claim – although she has italicized the terms "Good Faith" and "honesty," the Proposed FAC does not articulate facts that clearly relate to any lack of good faith or honesty, nor does she identify a particular provision in a contract and claim that it was violated. (*See* PFAC at 6.) In similar fashion, Ms. Sebastian's Proposed FAC states that a breach of contract can constitute an "unfair" act under the Federal Trade Commission Act, but lacks factual allegations identifying any breach, or concerning precisely which interaction with SLIC was unfair or how it was unfair.

Most seriously, Ms. Sebastian's Proposed FAC does not clearly allege that this Court has subject matter jurisdiction, nor do the facts alleged therein support an inference that jurisdiction exists. As a federal district court, this Court has limited jurisdiction. Federal subject-matter

3

jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject-matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the Constitution, laws, or treaties of the United States.  Subject-matter jurisdiction must be established before a federal court can even reach the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Although federal courts are "obligated" to consider issues of subject-matter jurisdiction on their own initiative, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035-36 (9th Cir. 2013) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)), here the lack of clarity in the Proposed FAC prevents the Court from conducting the requisite jurisdictional analysis.

## CONCLUSION

Having found that the facts alleged in Plaintiff's Proposed FAC are insufficient to permit meaningful analysis of her claims and whether this Court has jurisdiction over said claims, the Court **DENIES** Plaintiff's Motion for Leave to Amend without prejudice.  The Motion for Leave to File a Supplemental Pleading is **DENIED AS MOOT**.

If Ms. Sebastian elects to file a Second Motion for Leave to Amend, she must attach a Second Proposed First Amended Complaint.  The Motion and Proposed First Amended Complaint must comply with the terms set forth in this Court's original Order on Defendants' Motion to Dismiss. (Dkt. No. 29.)  Any such motion shall be filed no later than **November 21, 2014**.

It is obvious to the Court that Ms. Sebastian, as a pro se plaintiff, is struggling to state the nature of her dispute with defendant, the relief she seeks, and the legal basis upon which she can proceed in federal court.  The Court has created a Legal Help Center to assist persons, such as Ms. Sebastian, who do not have lawyers if they make an appointment.  The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Date: September 29, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**