1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    **CONNIE H. SEBASTIAN,**                        Case No.  13-cv-04850-YGR

          Plaintiff,
9
                                                **ORDER DENYING PLAINTIFF'S MOTION FOR**
10        v.                                    **LEAVE TO FILE SECOND AMENDED**
                                                **COMPLAINT**
11   **ALLSTATE CORPORATION, ET AL.,**

          Defendants.
12

13          Now before the Court is plaintiff Connie H. Sebastian's motion for leave to file her second

14   amended complaint ("SAC").  (Dkt. No. 48.)  Defendants have filed an opposition (Dkt. No. 49),

15   to which plaintiff has replied (Dkt. No. 50.)  Having given due consideration to the arguments of

16   the parties and Ms. Sebastian's status as a pro se litigant, for the reasons set forth below, the

17   motion is **DENIED**.

18                                   **BACKGROUND**

19          Based on the representations in her filings to date, the Court understands the following

20   facts to have given rise to the instant complaint.  In 1990, Ms. Sebastian purchased a $25,000 life

21   insurance policy from Defendant Surety Life Insurance Company ("SLIC").  (Dkt. No. 30-1 at 2.)

22   In March of 2008, Ms. Sebastian received a notice from SLIC informing her that her insurance

23   policy had been terminated for failure to submit a timely payment and detailing what steps she

24   needed to take to reinstate the policy.  (*Id.* at 4, 5.)  Ms. Sebastian presumably made the required

25   payment, as she received a letter in May 2008 acknowledging receipt of her payment and

26   announcing a premium increase.  (*Id.*)  In December 2012, Ms. Sebastian received another notice

27   of termination and a notice of quarterly payment.  (*Id.* at 5.)  She subsequently initiated

28   administrative grievance proceedings with SLIC and the California Department of Insurance.  (*Id.*)

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

The instant motion represents Ms. Sebastian sixth attempt to plead claims for legal relief stemming, generally, from the above facts.  She twice filed complaints in San Francisco Superior Court.  In both cases, Defendants' demurrers were sustained with leave to amend.  (*See* Dkt. No. 8-3 at 9, 11-12.)  Rather than file a second amended complaint, Ms. Sebastian filed a notice of voluntary dismissal without prejudice, informing the Superior Court that she intended to file in federal court under the Federal Trade Commission Act.  (Dkt. No. 8-3 at 18.)

Accordingly, on October 18, 2013, Ms. Sebastian filed a complaint in this Court.  (Dkt. No. 1.)  In response to Defendants' first motion to dismiss, Ms. Sebastian filed an opposition in which she did not address the arguments presented in the motion to dismiss and instead merely re-listed all of her claims.  (Dkt. No. 18.)  The Court ordered Ms. Sebastian to show cause why that motion should not be granted as unopposed, providing her with an opportunity to respond substantively to Defendant's arguments.  (Dkt. No. 23.)  After reviewing Ms. Sebastian's response and Defendant's reply, and giving due consideration to Ms. Sebastian's *pro se* status, this Court granted Defendant's motion and dismissed the complaint with leave to amend.  (Dkt. No. 29.)

In its Order of June 9, 2014, the Court gave Ms. Sebastian specific instructions setting forth how she was to proceed if she wished to amend her complaint.  This Court advised Ms. Sebastian that if she wished to file an amended complaint she must do so as part of a Motion for Leave to Amend, attaching a Proposed First Amended Complaint.  The Court also directed Ms. Sebastian to provide specific information about her claims, and the facts supporting each of her claims, in her Motion, in order that by following such instructions, Ms. Sebastian would be more likely able to state any claim.  Finally, the Court informed Ms. Sebastian that the Legal Help Center is available to assist persons such as herself if she makes an appointment, and provided Ms. Sebastian with the phone number and website for the Legal Help Center.  (Dkt. No. 29.)

On July 9, 2014, plaintiff filed her motion for leave to file a First Amended Complaint ("FAC").  (Dkt. No. 30.)  In her new complaint, she maintained the same general factual basis for her claims as she had presented in her original complaint.  Specifically, Ms. Sebastian alleged that she is an elderly, long-time insured who purchased a life insurance policy from Surety Life Insurance Company for $25,000, and that her policy had been wrongfully terminated.  (Dkt. No.

30-1 (FAC) at 2-6; 9.)  She alleged three claims:  breach of contract, a violation of the Federal Trade Commission Act, and a tort of outrage.  (*Id*. at 6-8.)  Defendants filed an opposition to Ms. Sebastian's motion.

The Court denied Ms. Sebastian's motion, noting that she had not provided sufficient explanation supporting her claims, despite its prior instructions.   The Court noted that the FAC merely repeated Ms. Sebastian's previously dismissed claims without clear reference to factual allegations rendering such claims plausible.  Most seriously, the Court noted that on the face of the FAC, it appeared that this Court lacked subject matter jurisdiction over this case.  It then undertook to explain to Ms. Sebastian the nature of this Court's limited jurisdiction,  and explained that the lack of clarity in the FAC prevented the Court from being able to determine whether it properly had jurisdiction.  (Dkt. No. 36.)  The Court noted that it was "obvious that Sebastian, as a pro se plaintiff, is struggling to state the nature of her dispute with defendant, relief she seeks, and the legal basis upon which she can proceed in federal court," provided Ms. Sebastian with yet another opportunity to seek leave to amend, and instructed Ms. Sebastian that the Legal Help Center was available to assist in that endeavor.

On October 30, 2014, Ms. Sebastian filed her "Second Proposed First Amended Complaint." (Dkt. No. 37.)  In this complaint, Ms. Sebastian again stated the same general factual basis for her claims as in her previous federal complaints.  The one exception, however, was that although  Ms. Sebastian's new complaint in large part still read as an individual action, it made vague references to class allegations.  Ms. Sebastian filed what she called a "Certificate Rule 23c," and attested that she could serve as a class representative, but no substantive factual allegations supported any notion that the case would proceed as a putative class action.  (Dkt. No. 37 at 8.)  Instead, the great weight of the complaint was dedicated to restating her individual claims.  (Dkt. No. 37 at 9-19.)  Defendants again opposed the motion, arguing that Ms. Sebastian had not complied with the Court's prior order, that leave to amend would be futile, and that this Court lacked jurisdiction over the case.  (Dkt. No. 38.)

On December 2, 2014, the Court held a hearing on this motion at which Ms. Sebastian and her son were present.  During the hearing, the Court learned that Ms. Sebastian speaks little

1    English and allowed her son to speak.  The Court also learned that Ms. Sebastian's son had been

2    the primary communicator with the defendants.  Upon learning that defendants had made

3    settlement overtures to Ms. Sebastian, the Court ordered the parties to attend a mandatory

4    settlement conference *that day* with Magistrate Judge Ryu.  Those settlement discussions were

5    productive.  The parties settled the matter in full.  (Dkt. No. 46.)

6        A few weeks later, Ms. Sebastian rescinded the settlement and on January 23, 2015, filed

7    the instant motion for leave to file her SAC, which represents her sixth attempt to plead viable

8    claims for relief.  (Dkt. No. 48-2.)  Defendants, naturally, oppose the motion.  Notably, the new

9    complaint attempts to state allegations relating to the class action with more force, and hinges

10    federal jurisdiction entirely on the existence of the class action.  No longer does Ms. Sebastian

11    advance any federal claims.  Instead, she proceeds on state law breach of contract and tort claims.

12    Although her own insurance policy with defendants is valued at $25,000, Ms. Sebastian values the

13    class action at $250,000,000.00.

14        On February 3, 2015, Ms. Sebastian emailed defense counsel and stated that she would be

15    willing to settle the case, "based on the merits of the proposed second amended ***class action***

16    complaint."  (Dkt. No. 49-2 (Email from C. Sebastian to G. Ferrari, Feb. 3, 2015) (emphasis

17    supplied).)

18                           **LEGAL STANDARDS**

19        The Court generally has the sound discretion to grant or deny leave to amend.  *Swanson v.*

20    *United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave to amend should be freely

21    granted "unless the court determines that the allegation of other facts consistent with the

22    challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well*

23    *Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The Court "may exercise its discretion

24    to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant,

25    repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

26    opposing party . . . , [and] futility of the amendment.'"  *Carvalho v. Equifax Info Servs., LLC*, 629

27    F.3d 876, 892-93 (9th Cir. 2010) (alterations in the original) (quoting *Foman v. Davis*, 371 U.S.

28    178, 182 (1962)).  A proposed amendment is futile if no set of facts can be proven under the

1   amended pleading that would constitute a valid and sufficient claim.  *Miller v. Rykoff–Sexton, Inc.*,

2   845 F.2d 209, 214 (9th Cir. 1988) (the proper test in determining legal sufficiency of a proposed

3   amendment is identical to that used under Rule 12(b)(6)).

4        Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient

5   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

6   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

7   This "facially plausible" standard requires the plaintiff to allege facts that add up to "more than a

8   sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Although courts

9   do not require "heightened fact pleading of specifics," a plaintiff must sufficiently allege facts to

10  "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Merely reciting

11  the elements of a cause of action and stating conclusory allegations are insufficient.  *Id.*; *see also*

12  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to

13  accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

14  unreasonable inferences").

15       A complaint may also be subject to immediate dismissal based on lack of this Court's

16  jurisdiction. Fed. R. Civ. P. 12(b)(1).  As this Court explained in its prior order, federal courts

17  have limited jurisdiction.  Subject-matter jurisdiction must be established before a federal court

18  can reach the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95

19  (1998).  Federal subject-matter jurisdiction under 28 U.S.C. Section 1332(a)(1) requires complete

20  diversity of citizenship and an amount in controversy in excess of $75,000.00.  Under the Class

21  Action Fairness Act ("CAFA") federal jurisdiction extends to class actions: (1) in which there are

22  at least 100 members; (2) the combined claims of the members exceeds $5 million; and (3) there is

23  minimal diversity of citizenship.  *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d

24  1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)).  Federal subject-matter jurisdiction under

25  28 U.S.C. Section 1331 (federal question jurisdiction) requires a civil action to arise under the

26  Constitution, laws, or treaties of the United States.

27

28

United States District Court
Northern District of California

5

United States District Court
Northern District of California

**ANALYSIS**

The Court finds, for the following three reasons, that granting Ms. Sebastian leave to amend at this stage is not proper.  First, the Court finds that Ms. Sebastian's complaint would be immediately subject to dismissal for lack of jurisdiction.  Second, the Court finds amendment improper because plaintiff has now had six opportunities to state a claim, four of which occurred in this court, and the Court provided substantive guidance to Ms. Sebastian in order to inform her of what she needed to do to successfully state a claim.  Third, the Court finds that Ms. Sebastian's failure to adhere to the parties' agreed-upon settlement, and her recent overtures to be willing to settle this action as a *class action* instead of on the basis of her individual claim, evinces that she is proceeding now in bad faith.  The Court discusses each finding in turn.

**1.  FUTILITY OF AMENDMENT**

Ms. Sebastian's SAC would immediately be subject to dismissal for lack of jurisdiction. As stated above, before a federal court may preside over a case, it must first determine that it properly has jurisdiction.

Unlike in her previous complaints, Ms. Sebastian does not attempt to state a claim under federal law.  Rather, she attempts to gain entry to the federal forum by claiming to bring this action on behalf of a class of senior policy holders who have contracts with Surety Life Insurance Company.  (Dkt. No. 48 at 4.)  She claims that this Court's jurisdiction is properly grounded in the Class Action Fairness Act ("CAFA").  (*Id.*)  She cites no other basis for federal jurisdiction, and the Court can independently discern no other basis.

Under CAFA, federal jurisdiction extends to class actions: (1) in which there are at least 100 members; (2) the combined claims of the members exceeds $5 million; and (3) there is minimal diversity of citizenship.  *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)).  Here, plaintiff has not offered factual allegations sufficient to render plausible that jurisdiction is proper under CAFA.

First, plaintiff alleges that there are more than 100 class members of the California class "under the Reinsurance Treaty."  (Dkt. No. 48-2 ¶ 9B.)  But precisely what the Reinsurance Treaty is and how it bears on the class members, or even plaintiff's individual claims, remains unclear.  It

United States District Court
Northern District of California

1    appears that the Reinsurance Treaty is an agreement between Surety and another Allstate entity,

2    but again, this does not provide support or clarity for plaintiff's claim that others share her injury,

3    or that this injury extends to more than 100 people in California.  Substantively, this case has

4    always concerned a plaintiff who alleges that her insurance company engaged in a host of state

5    law contract and tort violations.  (*See* Dkt. No. 48 at 6.)  But Ms. Sebastian articulates no factual

6    basis for her bare assertion that more than 100 seniors in California share the same injuries that

7    she does.  Instead, she appears to rely on website posts, which suggest that perhaps three other

8    people have experienced difficulty with Surety Life Insurance Company and/or Allstate.  (Dkt.

9    No. 48-1 at 2, 3.)  Two of these people, however, appear to live outside of California, and thus fall

10   outside of the class of individuals that Ms. Sebastian would seek to represent.

11        The Court finds entirely speculative Ms. Sebastian's class-size estimate of senior policy

12   holders who have suffered injuries similar to those she has suffered.  Her mere recitation of the

13   elements of a CAFA cause of action and conclusory allegations are insufficient to render plausible

14   her claimed right to proceed under CAFA.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th

15   Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory,

16   unwarranted deductions of fact, or unreasonable inferences").  Thus, the first element required to

17   establish jurisdiction under CAFA has not been met.

18        So, too, does Ms. Sebastian fail to allege plausibly that the jurisdictional amount in

19   controversy is met.  Ms. Sebastian flatly asserts that her class action is valued at $250,000,000.00.

20   (Dkt. No. 48-2, ¶ 9B.)  The SAC, however, provides no factual allegations sufficient to render this

21   amount plausible, and the Court, exercising its common sense and good judgment, can see no

22   basis for this remarkably high figure.  This case has always been about Ms. Sebastian's $25,000

23   policy.  Particularly in light of the fact that, as stated above, Ms. Sebastian has not articulated a

24   sufficient factual basis for her claim that there are 100 people who comprise her class, she has

25   offered no plausible factual basis for arriving at a total damages figure of $250,000,000.00.

26   Moreover, the other individual statements posted as comments on a website upon which Ms.

27   Sebastian relies do not on their face support her amount in controversy contention.  (*See* Dkt. No.

28   48 at 3;  48-1 at 2-3.)  Thus, this requirement for CAFA jurisdiction is not met.

7

1    For these reasons, the Court finds that Ms. Sebastian has failed to state a claim sufficient to

2    establish CAFA requirements and her SAC would be immediately subject to dismissal.  Ms.

3    Sebastian has, again, failed to state facts that, construed liberally in her favor, establish that this

4    case falls within the limited jurisdiction of the federal courts.

5    Furthermore, because Ms. Sebastian's individual claim is based upon a $25,000 policy, she

6    cannot meet the amount-in-controversy required to establish diversity jurisdiction.  And, because

7    she alleges no federal claim, she cannot proceed under federal question jurisdiction.  Accordingly,

8    because Ms. Sebastian's SAC would be immediately subject to dismissal for lack of jurisdiction,

9    the Court must deny her motion for leave to file the SAC.

10   **2.   MULTIPLE OPPORTUNITIES FOR AMENDMENT**

11   As set forth above in detail, the instant SAC represents Ms. Sebastian's *sixth* attempt to

12   plead claims for relief, three of which occurred in this Court.  Ms. Sebastian has thus been

13   provided ample opportunity to amend her complaint, and has been given specific guidance and

14   instructions for how she was to proceed in this Court if she wished to amend her complaint.  (Dkt.

15   No. 29, Dkt. No. 36.)  At each juncture, the Court has apprised her of the deficiencies in her

16   complaint, required further factual development, and instructed Ms. Sebastian that any proposed

17   amended complaint be submitted as part of a motion for leave to amend.  The purpose of the

18   specificity in the Court's orders, and the requirement that Ms. Sebastian submit proposed amended

19   complaints as part of a motion, was to permit Ms. Sebastian a meaningful opportunity to explain

20   how her new pleadings satisfied the Court's previous concerns.  Such instructions were

21   accompanied by references to the Court's Legal Help Center, which is available to assist pro se

22   litigants navigate federal pleading requirements and procedure.

23   With every new attempt, it has become increasingly clear that Ms. Sebastian is no closer to

24   stating a claim than she was at the outset of this litigation.  "The district court's discretion to deny

25   leave to amend is particularly broad where the court has already given the plaintiff an opportunity

26   to amend [her] complaint."  *Fidelity Fin. Corp. v. Fed'l Home Loan Bank of San Francisco*, 792

27   F.2d 1432, 1437 (9th Cir. 1986) (citation omitted).  Having had many opportunities in this forum

28   to amend her complaint, and having been permitted to do so in state court, the Court now finds

United States District Court
Northern District of California

8

1    that Ms. Sebastian may not have another.

2        **3. BAD FAITH**

3        The Court further finds that the instant motion, and proposed SAC, also evince bad faith on

4    the part of Ms. Sebastian.  The parties reached a full settlement in this case with the assistance of

5    Judge Ryu on December 29, 2014.  (Dkt. No. 46.)  That day, they put that settlement on the

6    record.  (*Id.*)  A further conference was scheduled for January 12, 2015, to permit Judge Ryu to

7    oversee finalization of the written settlement agreement, dismissal with prejudice, and delivery of

8    a 1099 form.  (*Id.*)  To that point, the case concerned Ms. Sebastian's personal claim to her

9    $25,000 insurance policy, which she contended had been improperly terminated.

10        At the January 12, 2015 conference, plaintiff rescinded her agreement to settle.  (*See* Dkt.

11    No. 47.)  Instead, on January 23, 2015, she filed the instant motion and proposed class action

12    complaint, valued at $250,000,000.00.  (Dkt. No. 48.)  On February 3, 2015, Plaintiff and her son,

13    Miguel Hernandez,[1] emailed defense counsel and asked to revisit settlement discussions without

14    court participation.  (Dkt. No. 49 (Declaration of Giovanna A. Ferrari ¶ 2, Ex. A).)  Ms. Sebastian

15    and Mr. Hernandez stated that they would be willing to settle the case, "based on the merits of the

16    proposed second amended ***class action*** complaint."  (Dkt. No. 49-2 (Email from C. Sebastian to

17    G. Ferrari, Feb. 3, 2015) (emphasis supplied).)

18        The Court finds that these facts strongly suggest that Ms. Sebastian and Mr. Hernandez are

19    trying to leverage a higher settlement than was agreed to in December 2014.  Such bad faith

20    cannot be condoned, particularly where the class action allegations do not state a legal claim and

21    where the Court has exercised extreme leniency and permitted Ms. Sebastian to amend her

22    pleadings multiple times.

23        The Court is mindful of the strong preference for decisions on the merits of a case, rather

24    than dismissal due to procedural reasons or technicalities, and the extreme liberality with which it

25    must view *pro se* pleadings.  On this basis, the Court has permitted this case to continue for over a

26

27        _____

       [1] The Court further notes that Mr. Hernandez is, apparently, the legal beneficiary of Ms.

28    Sebastian's life insurance policy.  (Dkt. No. 50 at 2.)

United States District Court
Northern District of California

year and a half, during which time the Court expended substantial resources in order to assist Ms. Sebastian in seeking relief.  Unfortunately, Ms. Sebastian and Mr. Hernandez have elected to reject this assistance.

CONCLUSION

For all the reasons stated above, Ms. Sebastian's motion for leave to file her SAC is DENIED. There being no operative complaint, the action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:  March 27, 2015

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE